**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

STANLEY L. NIBLACK, et al.,   :
                              :  Civil Action No. 08-4107(FSH)
            Plaintiffs,       :
                              :
                              :
            v.                :  **OPINION**
                              :
COMMUNITY EDUCATION CENTERS,  :
INC., et al.,                 :
                              :
            Defendants.       :

**APPEARANCES:**

   STANLEY L. NIBLACK, Plaintiff pro se
   923038A/522765
   A3E-RM 311
   Northern State Prison
   168 Frontage Road, P.O. Box 2300
   Newark, New Jersey 07114

   VICTOR VESTON, Plaintiff pro se
   516954/SBI 401005C
   C.R.A.F.
   P.O. Box 7450
   Trenton, New Jersey 08625

**HOCHBERG**, District Judge

   Plaintiffs Stanley L. Niblack ("Niblack") and Victor Veston (Veston), currently state inmates confined at the Northern State Prison in Newark, New Jersey, and the Central Reception and Assignment Facility ("C.R.A.F.") in Trenton, New Jersey, respectively, bring this action in forma pauperis, alleging violations of their constitutional rights under 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison or institutional facility at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiffs may not have known when they submitted the complaint that they must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the PLRA does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, both plaintiffs submitted applications for leave to proceed in forma pauperis.  However, both in forma pauperis applications are not complete as required by 28 U.S.C. § 1915(a)(1).  In particular, plaintiff Niblack failed to provide a complete in forma pauperis application that contains a signed certification from an authorized officer of the institution where he was confined with his inmate trust fund account statement for the 6-month period immediately preceding the filing of his

3

complaint.[1]  28 U.S.C. § 1915(a)(2).  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).  Plaintiff Veston's application is deficient because he failed to submit an affidavit of indigence, although he did provide his six-month prison account statement.

The allegations of the Complaints[2] do not suggest that plaintiffs are in imminent danger of serious physical injury. Accordingly, their applications for leave to proceed in forma pauperis will be denied.

In addition, Rule 20 governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

---

[1]  Mr. Niblack has been transferred to different facilities since he submitted the Complaint for filing.  He presently is confined at the Northern State Prison in Newark, New Jersey.

[2]  It appears that plaintiffs have submitted separate and distinct complaints in this action.  The main complaint alleges facts and claims pertinent only to plaintiff Niblack.  Plaintiff Veston submits several letters, found at Document 1-3 on the docket, alleging facts and claims relevant to him, but the letters do not name any defendants.

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20. In <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001), <u>cert</u>. <u>denied</u>, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. <u>Boriboune v. Berge</u>, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions. 391 F.3d at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20. <u>See</u> <u>Wasko v. Allen County Jail</u>, 2006 WL 978956 (N.D.

5

Ind. 2006); <u>Swenson v. MacDonald</u>, 2006 WL 240233 (D. Mont. 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." <u>Swenson</u>, 2006 WL 240233, *4.

This Court finds the reasoning of these district courts persuasive. Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.

In addition, in this case, plaintiffs Niblack and Veston have asserted claims that require individualized screening pursuant to 28 U.S.C. § 1915(e)(2). Specifically, both plaintiffs have submitted affidavits describing different medical conditions and allegations regarding claims that they were denied medical care. They also make different allegations concerning access to the courts claims. Even their allegations concerning the conditions of their confinement differ. In fact, the main complaint is penned by Niblack and has no common allegations

6

relating to Veston. (See Document No. 1 on this docket). Veston submits separate letters alleging claims and conditions relevant to him; however, he does not name any defendants. (See Document No. 1-3 on this docket). Furthermore, plaintiffs are now confined in separate prison facilities.

Joinder of plaintiffs' claims, however, would permit the plaintiffs to avoid the risk of a "strike" under § 1915(g) if even one plaintiff states a claim, because § 1915(g) imposes a strike only if the entire action is dismissed. For all of the foregoing reasons, joinder is not appropriate.

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just." It would not be just merely to dismiss plaintiff Veston from this case. Instead, this Court will direct the Clerk of the Court to open a separate case for plaintiff Veston, and to docket Veston's letters containing allegations of claims and his prison account statement (Document Nos. 1-3 and 1-4, respectively, on the docket in this action) in the new action. Because Veston has not satisfied the filing fee requirement, by pre-paying the filing fee or by submitting a complete application to proceed in forma pauperis, his new separate case will be administratively terminated. Further, plaintiff Veston will be granted leave to file an amended complaint asserting his individual claims and naming the defendants in his action, along with a complete application to proceed in forma pauperis.

7

Finally, plaintiff Niblack's application for appointment of counsel (Docket Entry No. 6) will be denied as moot at this time.

## CONCLUSION

For the reasons set forth above, both plaintiffs' applications for leave to proceed in forma pauperis will be denied without prejudice, and the Clerk of the Court will be directed to administratively terminate this action and plaintiff Veston's new action, without filing the complaint or assessing a filing fee. Plaintiffs will be granted leave to move to re-open their respective actions within 30 days.[3] The application for appointment of counsel will be denied as moot. An appropriate order follows.

```
                                    S/ Faith S. Hochberg
                                    FAITH S. HOCHBERG
                                    United States District Judge
```
Dated: March 16, 2009

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).

8